## De Felice Estate

*Nickolas Piazza*, for petitioners.

KREISHER, P. J., July 24, 1950.—Remigio de Felice died May 2, 1950, leaving to survive him as his heirs Mary Crane, Remigio Deflice, Jr., Rosie Deflice and Mae Deflice, a minor. Letters of administration in the estate were granted to Rosie Deflice, on May 22, 1950. On June 26, 1950, Rosie Deflice, Remigio Deflice, Jr., and Elizabeth L. Wagner, guardian of Mae Deflice, a minor, petitioned this court under section 211 of the Fiduciaries Act of 1949, P. L. 512, praying that the court award each petitioner the sum of $250 in cash toward their family exemption.

The court thereupon made an order directing that a copy of the petition and order of court thereon be served upon Mary Crane, and directed that unless exceptions be filed to the petition on or before July 17, 1950, that the court grant the prayer of the petition.

No exceptions were filed to the petition. However, on July 17, 1950, Mary Crane appeared in open court

and testified that she was one of the children and heirs at law of decedent, having been born September 14, 1923 to Elizabeth Lawalt and Remigio de Felice, and that she lived with decedent and was supported by him until she was 19 years of age, at which time she married and took up housekeeping with her husband apart from her father's home. Her testimony definitely establishes that she has not lived with her father, decedent, since 1943, the date of her marriage, and that she has not formed a part of decedent's household since that date.

The above-mentioned act of assembly provides as follows:

"The spouse of any decedent dying domiciled in the Commonwealth, and if there be no spouse, or if he has forfeited his rights, then such children as form a part of the decedent's household, may retain or claim as an exemption and as a reasonable requirement for support during the settlement of the estate, either real or personal property, or both, not theretofore sold by the personal representative, to the value of seven hundred and fifty dollars. . . ."

The testimony clearly indicates that petitioners were living with decedent at the time of his death, and that they did form a part of decedent's household, so that petitioners fall within the wording of the above-quoted act, and since Mary Crane has maintained her own separate household for the past seven years, it is just as clear that she, even though a child, did not form a part of decedent's household at the date of decedent's death, and, therefore, does not fall within the purview of the act and is not entitled to any share of the family exemption.

From the foregoing we make the following

### Order of Court

And now, to wit, July 24, 1950, the prayer of the petition for family exemption in the above-captioned

matter is granted, and it is ordered and decreed that Rosie Deflice, administratrix of the estate of Remigio de Felice, deceased, set apart and award to Rosie Deflice, individually, Remigio Deflice, Jr., and to Elizabeth L. Wagner, guardian of Mae Deflice, a minor, the sum of $250. in cash each, as their proportionate share of the family exemption provided for under section 211 of the Fiduciaries Act of 1949.